IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02163-KLM

DARKOWL, LLC,

    Plaintiff,

v.

ARKOWL, LLC and
ARKOWL CORPORATION,

    Defendants.

---

### STIPULATED MOTION FOR PROTECTIVE ORDER AND F.R.E. 502(d) ORDER

---

Pursuant to Fed. R. Civ. P. 26(c) and F.R.E. 502, the parties file this stipulated motion for entry of the [Proposed] Stipulated Protective Order attached hereto as Exhibit A and the [Proposed] Order Pursuant to F.R.E. 502(d) attached hereto as Exhibit B.

### INTRODUCTION

The parties anticipate that they will disclose confidential, as well as competitively sensitive information and potentially proprietary information during discovery in this case. Entry of the stipulated protective order attached hereto as Exhibit A will facilitate the flow of that information during discovery. Therefore, the parties request that the Court enter the stipulated protective order attached hereto as Exhibit A to govern the parties' production of confidential and highly confidential information.

Likewise, the volume of documents common in contemporary litigation creates a significant risk of the inadvertent disclosure of privileged information. Therefore, the parties

1

also request the protection against the waiver of privileged information through inadvertent disclosure that is provided by an order under F.R.E. 502(d), attached hereto as Exhibit B.

## CERTIFICATE OF CONFERRAL

This is a stipulated motion. The parties cooperated in drafting the [Proposed] Stipulated Protective Order, the [Proposed] Order Pursuant to F.R.E. 502(d), and this Motion.

## MOTION

The Court may enter a protective order for good cause. Fed. R. Civ. P. 26(c)(1). Good cause for entry of a protective order includes protecting confidential information, such as proprietary or competitively sensitive information. *Stroup v. United Airlines, Inc.*, No. 15-CV-01389-WYD-CBS, 2016 WL 7176717, at *3 (D. Colo. Sept. 16, 2016). By allaying parties' fears surrounding disclosure of confidential information, a protective order facilitates the flow of discovery. *Id*. In adopting a protective order, "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *AssociationVoice, Inc. v. AtHomeNet, Inc.*, No. 10-CV-00109-CMA-MEH, 2010 WL 1258062, at *2 (D. Colo. Mar. 29, 2010).

Courts in this Circuit have recognized that including an Attorneys' Eyes Only ("AEO") provision in a protective order is common: "Again, this is not an uncommon feature in protective orders in modern complex commercial litigation." *S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 685 (D.N.M. 2012); *see also Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 246 (D. Kan. 2010). AEO provisions are particularly appropriate when discovery in a case may involve disclosure of "trade secrets and other sensitive commercial information that gives a

party a competitive advantage." *S2 Automation,* 283 F.R.D. at 684; *see also Layne Christensen*, 271 F.R.D. at 247.

In this case, the parties anticipate producing confidential and highly confidential Attorneys' Eyes Only information, including competitively sensitive information and potentially proprietary information. Entry of the attached protective order will expedite disclosure of that information, reduce discovery disputes between the parties, and protect the parties' proprietary and competitively sensitive information.

Similarly, while the parties will take reasonable means to prevent the inadvertent disclosures of privileged information, an order pursuant to F.R.E. 502(d) will allow the parties to more efficiently balance their efforts to prevent any inadvertent disclosure whatsoever with the need to expeditiously engage in discovery. The proposed order attached hereto as Exhibit B follows this Court's form and will protect the parties in the event of an inadvertent disclosure of privileged information.

WHEREFORE, the parties request that the Court enter the proposed protective order attached hereto as Exhibit A and the proposed Rule 502(d) order attached hereto as Exhibit B.

DATED at Denver, Colorado, this 15th day of November, 2021.

Respectfully submitted,

| **Perkins Coie LLP** | **Rubric Legal LLC** |
|---|---|
| By: s/ *Sabrina J. Danielson*<br>Kourtney Mueller Merrill, Bar No. 36662<br>Sabrina J. Danielson, Bar No. 49279<br>1900 Sixteenth Street, Suite 1400<br>Denver, Colorado 80202-5255<br>Telephone: 303.291.2300<br>Facsimile: 303.291.2400<br>KMerrill@perkinscoie.com<br>SDanielson@perkinscoie.com<br><br>*Attorneys for Plaintiff DarkOwl, LLC* | By: s/ *Michael H. Frasier*<br>Michael H. Frasier<br>111 Third Ave. S, Ste 110<br>Minneapolis, MN  55401<br>Telephone: 612.465.0074<br>michael@rubriclegal.com<br><br>*Attorney for Defendants* |

4