**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02163-KLM

DARKOWL, LLC,

    Plaintiff,

v.

ARKOWL, LLC and
ARKOWL CORPORATION,

    Defendants.

---

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

---

**1.**  **INTRODUCTION**

WHEREAS, Plaintiff DarkOwl, LLC ("Plaintiff" or "DarkOwl") and Defendants Arkowl, LLC and Arkowl Corporation ("Defendants" or "Arkowl") (collectively, "Parties") seek to expedite the flow of discovery, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial;

WHEREAS, it reasonably appears that the public disclosure of materials, information, and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing Party; and

WHEREAS, good cause exists for the entry of a Protective Order that is narrowly tailored to protect the aforementioned confidential material, information, and things of the Parties and any

third parties from whom confidential material, information, or things are sought or is to be produced;

Pursuant to Federal Rule of Civil Procedure 26(c) it is HEREBY ORDERED THAT:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Information designated and produced under this Protective Order shall be used solely for the purpose of this litigation and not for any other purpose.

**2.     DEFINITIONS**

a.     "**Party**": any party to *DarkOwl, LLC v. Arkowl, LLC* et al., Case No. 21-cv-02163-KLM (D. Colo.) and any parent, subsidiary, or affiliate of a party of this Action, including all their officers, employees, consultants, or agents, whose information is produced under this Protective Order.

b.     "**Action**": *DarkOwl, LLC v. Arkowl, LLC* et al., Case No. 21-cv-02163-KLM (D. Colo.).

c.     "**Disclosure or Discovery Material**": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, communications, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

d.     "**Highly Confidential – Attorney Eyes Only**": sensitive information of the Designating Party (or of a third party to whom the Designating Party owes an obligation of

-3-

confidentiality) and items such as those comprising or containing, without limitation: (1) trade secrets under applicable law; (2) commercial or technical information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, work product documents, service agreements, settlement agreements, agreements made under the assumption of confidentiality, and license agreements); (3) non-public financial information (such as budgeting, accounting, sales figures, and advertising expenditures); (4) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, service providers, collaborators, advisors, affiliates, subsidiaries, and parents), or (5) materials that would not normally be revealed to third parties except in confidence, the disclosure of which to another Party or nonparty that the Designating Party believes in good faith would create a risk of serious injury to the business or competitive interests of the Designating Party. This includes materials that the Designating Party believes in good faith is not generally known to others and has competitive value such that the unrestricted disclosure to others would create substantial risk of injury to the Designating Party. All copies, abstracts, compilations, summaries, and/or extracts of materials incorporating materials designated as "Highly Confidential -- Attorney Eyes Only" will also be treated as such.

e. **"Confidential"**: any and all non-public or other confidential and/or proprietary information that any Designating Party believes in good faith the disclosure of which would result in competitive injury, and which is not covered by the definition of "Highly Confidential – Attorney Eyes Only." This includes, without limitation, documents created in the normal course of business and not shared or distributed to third parties and materials not normally reveal to third parties except in confidence or materials which the Designating Party believes in good faith is

protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. All copies, abstracts, compilations, summaries, and/or extracts of materials incorporating materials designated as "Confidential" will also be treated as such.

f. **"Receiving Party"**: a Party that or who receives Disclosure or Discovery Material from a Designating Party.

g. **"Designating Party"**: a Party or non-Party that or who designates information or items that it produces in disclosures or in responses to discovery as "Highly Confidential – Attorney Eyes Only" and/or "Confidential."

h. **"Protected Material"**: any Disclosure or Discovery Material that is designated as "Highly Confidential – Attorney Eyes Only" and/or "Confidential."

i. **"Attorney"** or **"Counsel"**: attorneys who are not employees of a Party but are specially retained to represent and are counsel of record to a Party in this action.

j. **"Expert"**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an independent expert witness or consultant in this Action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

k. **"Professional Vendors"**: persons or entities who or that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, jury consulting, etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant

retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Experts.

**3.     SCOPE**

a.     The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Outside Counsel to or in court or in other settings that might reveal Protected Materials.

b.     This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. This Order does not entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

**4.     DESIGNATING PROTECTED MATERIAL**

Documents, information, materials, legal memoranda, expert statements, and discovery responses, in whole or in part, may be designated under this Protective Order as follows:

a.     The Designating Party shall designate material by placing a legend indicating the appropriate designation, such as "Highly Confidential – Attorney Eyes Only" and/or "Confidential" on the materials.

b.     Deposition transcripts containing Protected Material must be marked with the legend "Highly Confidential – Attorney Eyes Only" or "Confidential" or some similar legend on

either the cover of the transcript or the individual pages containing such Protected Material as instructed to the reporter and on the record by the Party or non-party offering or sponsoring the witness and presenting the testimony. If a court reporter fails to properly label any transcript, all parties notified on the record at the deposition of the designation are nevertheless bound by the designation provided. The Designating Party may also designate any portion of a deposition transcript (including exhibits) as "Confidential" or "Highly Confidential – Attorney Eyes Only" in writing until thirty (30) days after receipt of the deposition transcript by counsel for the witness. Failure to re-designate a document or exhibit previously designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" shall not act as a waiver, and the documents shall continue to be treated as Designated Material. In the case of non-party witnesses, any Party or the non-party witness, or his or her counsel, may designate information revealed as Designated Material either by a statement to such effect on the record in the course of the deposition, or in writing within thirty (30) days of receipt of the deposition by the non-party witness or his or her counsel.

      c.      For information produced in some form other than documentary, for any other tangible item, and for any documents produced natively, the Designating Party shall affix, in some prominent place on the exterior of the container or containers in which the information or item is stored, the legend "Highly Confidential – Attorney Eyes Only" and/or "Confidential." The Designating Party shall also include the legend "Highly Confidential – Attorney Eyes Only" and/or "Confidential" in the document file name for native files.

**5.**     **INADVERTENT FAILURE TO DESIGNATE**

An inadvertent failure to designate qualified information or items as "Highly Confidential – Attorney Eyes Only" and/or "Confidential" does not waive the Designating Party's right to secure

protection under this Order for such material. If material is designated as "Highly Confidential – Attorney Eyes Only" and/or "Confidential" after the material was initially produced or served (or after deposition testimony was provided), the Receiving Party, on notification of the re-designation as soon as reasonably possible by Designating Party, must make reasonable efforts to ensure that the material is treated in accordance with the provision of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by objecting in writing to counsel of record for the Designating Party. In the written objection, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstance, and if no change is made to the designation is offered, explain the basis for the designation. The Designating Party shall provide in writing the basis for its designation within ten (10) business days of receipt of the written objection. The Parties and, if applicable, the nonparty shall confer in good faith as to the validity of the designation after the challenging Party has received the notice of the bases for the asserted designation. A challenging Party may only seek judicial intervention upon completion of this process. To the extent an agreement as to the designation is not reached, the Parties shall call the Court for a discovery hearing to resolve the dispute as set forth in Magistrate Judge Kristen L. Mix's Discovery Dispute Resolution Procedures set forth in her Civil Practice Standards. Until a dispute over the asserted designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons shall treat the information or materials in question as designated as "Highly Confidential – Attorney Eyes Only" and/or "Confidential". In any such dispute, the Designating Party shall bear

the burden of establishing that good cause exists for the disputed information to be treated as designated.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

Material designated "Highly Confidential – Attorney Eyes Only" and/or "Confidential" may only be disclosed by the Receiving Party to:

a. Attorney(s) of record for the parties to this Action, as well as partners, counsel, associates, agents, and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this Action;

b. Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof or who otherwise have prior knowledge of the confidential aspects of the contents of the document or thing;

c. The Court and Court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

d. Subject to Paragraph 9 below, Experts (and employed assistants, secretarial, and clerical staffs of each such Experts) who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting, or scientific experts or technical advisors, and to furnish technical or expert services in connection with this Action; and

e. Professional Vendors.

f. In addition, Designated Materials designated "Confidential" may also be disclosed to three (3) employees of the non-Designating Party who are reasonably necessary for the management, supervision, or oversight of this litigation and first sign and notarize the Undertaking

attached as Exhibit A and serve a copy of the Undertaking on all counsel of record. Any such employee may only use such "Confidential" Designated Materials for the prosecution or defense of this Action and shall not otherwise use or disclose any such "Confidential" Designated Materials. The parties further agree to confer in good faith in the event a non-Designating Party identifies and requests the Designating Party's consent to disclose "Confidential" Designated Materials to one or more additional employees reasonably necessary for the management, supervision, or oversight of this litigation.

      g.      Paragraph 8(f) does not apply to Designated Materials designated as "Highly Confidential - Attorney Eyes Only."

**8. PROCEDURES FOR APPROVING DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION OR ITEMS TO EXPERTS**

      a.      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert, as defined in this Order, any information or item that has been designated "Highly Confidential – Attorney Eyes Only" and/or "Confidential" first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert, business title, business address, and business profession, (2) attaches a copy of the Expert's current Curriculum Vitae, (3) discloses any previous or current relationship (personal or professional) with any of the Parties or any entity that either the Receiving Party or Expert has reason to believe is affiliated with either of the Parties, (4) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has provided any professional services during the preceding four (4) years, and (5) identifies all the companies with which the individual has consulted or been employed within the last four (4) years. The Party must also serve the Undertaking attached as Exhibit A as executed by the Expert.

b.      A Party that makes a request and provides the information specified above may disclose Designated Material to the identified Expert unless, within ten (10) business days of delivering the request, the Party receives a written objection from the Designating Party.  A Party that serves a written objection must set forth the grounds on which it is based.  A Party that receives a timely written objection must confer with the Designating Party to try to resolve the matter by agreement within five (5) business days of receipt of the objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking resolution of the parties' disagreement with respect to the Expert.  The Party seeking to make the disclosure of the subject Designated Material to the Expert shall not disclose the material until the motion is ruled upon by the Court.

**9.      UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

a.      Counsel shall employ their best efforts to identify documents or material protected by the attorney-client privilege, work-product doctrine, or any other privilege and/or immunity prior to the disclosure of any such documents or material.

b.      If, however, a Designating Party determines it has inadvertently disclosed information that the Designating Party believes is privileged or otherwise immune from discovery, the Designating Party shall in writing notify the Receiving Party of the claim, set forth the basis for the claim, and request that the item or items be returned or destroyed.  If the Designating Party learns of the inadvertent disclosure during a deposition or court proceeding the Designating Party may notify the Receiving Party orally during the relevant proceeding.  If such request is made no Party shall thereafter assert waiver or privilege or immunity with respect to the information.

c. The Receiving Party will, regardless of whether it agrees with or contests the Designating Party's claim of privilege, return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. To the extent that the Receiving Party moves to compel the production of such materials, it may not use the contents of the inadvertently-produced materials in any way in connection with the motion; its motion instead must be based on the information provided in any privilege log relating to the materials in question.

10. **FILING PROTECTED MATERIALS UNDER SEAL**

Subject to the Federal Rules of Civil Procedure, the Local Rules, and the Electronic Case Filing ("ECF") Procedures Manual, all pleadings and other writings that are electronically filed with the Court and contain, refer to, or disclose information designated "Highly Confidential – Attorney Eyes Only" and/or "Confidential" shall be filed under seal.

11. **FINAL DISPOSITION**

The restrictions on use of Designated Material set forth herein shall survive the conclusion of the litigation and, after conclusion of the litigation, the Court shall exercise limited jurisdiction for the purposes of enforcing this Protective Order. Unless otherwise ordered or agreed to in writing by the Disclosing Party, within sixty (60) days after the final termination of this action, each Party must return or destroy all "Highly Confidential – Attorney Eyes Only" and/or "Confidential" material and submit a written certification to the Disclosing Party that all such materials have been returned or destroyed. Counsel are entitled to retain copies of all pleadings,

motion papers, transcripts, legal memoranda, correspondence, or attorney work product even if such material contain Designated Material.

**12.    THIRD PARTIES**

Any non-party shall also be entitled to the rights and protections provided to a Designating Party. A non-party that produces Disclosure or Discovery Material voluntarily, fails to object to a Party's notice that it will produce non-party confidential information, or that produces Disclosure or Discovery Material pursuant to a subpoena or a court order, may designate such Disclosure or Discovery Material in the same manner as a Party (or a Party may make such designation on a non-party's behalf), and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit. A non-party's use of this Protective Order does not entitle that non-party access to Material designated "Highly Confidential – Attorney Eyes Only" and/or "Confidential" by a Party.

**13.    EXPERT DISCOVERY**

In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and Experts (including testifying Experts), including without limitation those made in preparing drafts of expert reports, are not discoverable unless the Expert relies on any such communication to support his or her opinion. In addition, draft expert reports are not discoverable. Communications and exchanges between counsel and non-testifying Expert witnesses are not discoverable. Neither Party shall seek non-discoverable Expert communications, exchanges, or draft reports.

**14.** **MISCELLANEOUS**

Nothing in this Order abridges the right of any person to seek modification by the Court or to seek further Protective Orders. By stipulation to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreed Protective order. Similarly, no Party waives any right to object, on any ground, to the admission of any of the material covered by this Protective Order. By stipulating to the entry of this Protective Order, the parties agree to be bound by the order before the Court enters this order.

DATED at Denver, Colorado, this 18th day of Nov., 2021.

SO ORDERED:

Hon. Kristen L. Mix
United States Magistrate Judge

Respectfully submitted,

| **Perkins Coie LLP** | **Rubric Legal LLC** |
|---|---|
| By: s/ *Sabrina J. Danielson* | By: s/ *Michael H. Frasier* |

Kourtney Mueller Merrill, Bar No. 36662  
Sabrina J. Danielson, Bar No. 49279  
1900 Sixteenth Street, Suite 1400  
Denver, Colorado 80202-5255  
Telephone: 303.291.2300  
Facsimile: 303.291.2400  
KMerrill@perkinscoie.com  
SDanielson@perkinscoie.com  

*Attorneys for Plaintiff DarkOwl, LLC*

DATED: November 15, 2021.

Michael H. Frasier  
111 Third Ave. S, Ste 110  
Minneapolis, MN  55401  
Telephone: 612.465.0074  
michael@rubriclegal.com  

*Attorney for Defendants*

-15-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02163-KLM

DARKOWL, LLC,

    Plaintiff,

v.

ARKOWL, LLC and
ARKOWL CORPORATION,

    Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER**

**UNDERTAKING OF** _____

---

I, _____, state the following under penalties of perjury as provided by law:

    I have been retained by _____ as an expert or consultant in connection with this case/ I am in-house counsel or an employee for _____. I will be receiving "Highly Confidential – Attorney Eyes Only" and/or "Confidential" information that is covered by the Court's Protective Order dated _____, 2021. I have read the Court's Protective Order and understand that the "Highly Confidential – Attorney Eyes Only" and/or "Confidential" information is provided pursuant to the terms and conditions in that Order. I agree to be bound by the Court's Protective Order.

    I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

-16-

_____                                    _____
Date:                                                                              Signature

Subscribed and sworn to before
me this _____ day of _____, 201__.


_____
Notary Public-Printed Name