# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02163-KLM

DARKOWL, LLC

    Plaintiff

v.

ARKOWL, LLC and
ARKOWL CORPORATION

    Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Final Pretrial and Trial Preparation Conference in this matter is set for June 20, 2023 at 2:30 p.m.  Plaintiff DarkOwl, LLC is represented by:

> Thomas L. Holt
> Jeremy Buxbaum
> Perkins Coie, LLP
> 110 North Wacker Drive, Suite 3400
> Chicago, IL  60606
>
> Kourtney Mueller Merrill
> Perkins Coie, LLP
> 1900 Sixteenth Street, Suite 1400
> Denver, CO 80202
>
> Sabrina J. Danielson
> Holland & Hart LLP
> 555 17th Street, Suite 3200
> Denver, CO 80202

Defendants ArkOwl, LLC and ArkOwl, Corporation are represented by:

Michael H. Frasier
Rubric Legal LLC
111 Third Avenue South
Suite 110
Minneapolis, MN  55401

## 2.  JURISDICTION

This is an action for Declaratory Judgment under Title 28 of the United States Code. This action also arises under the Lanham Act, Title 15 of the United States Code.  Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

The Court also has subject matter jurisdiction over DarkOwl's claim requesting a declaratory judgment as to the validity of its United States trademark registrations pursuant to 15 U.S.C. § 1119, because the registrability of the DARKOWL Registrations (as defined below) is directly related to whether the DARKOWL marks infringe ArkOwl's asserted trademark rights.

Additionally, the Court has subject matter jurisdiction over ArkOwl's counterclaims for trademark infringement under 15 U.S.C. § 1125 and cancellation of DarkOwl's registered trademark under 15 U.S.C. § 1119 under the same bases as noted above.

## 3.  CLAIMS AND DEFENSES

**(a) Plaintiff DarkOwl, LLC's Statement:**

DarkOwl has claims for Declaratory Judgment of Non-Infringement (Count 1), and Declaratory Judgment of Validity of the DarkOwl Marks, U.S. Reg. Nos. 5525738 and 5793807 (28 U.S.C. § 2201 *et seq.*) (Count 2).

Formed in September 2015, DarkOwl is a Colorado-based darkweb data services company. Over the last almost eight years, DarkOwl has developed and now provides the world's largest index of darknet content.  In 2017, DarkOwl began using the DARKOWL trademark throughout the United States to provide its highly specialized cybersecurity services. On March 24, 2017,

DarkOwl applied to register the *DARKOWL CYBERSECURITY* mark with the U.S. Patent and Trademark Office ("USPTO") and was granted federal registration of the mark (as amended) on July 24, 2018, under U.S. Registration No. 5525738. On December 4, 2018, DarkOwl applied to register the *DARKOWL* mark with the USPTO and was granted federal registration of the mark on July 2, 2019, under U.S. Registration No. 5793807.  (Together U.S. Registration Nos. 5525738 and 5793807 are referred to as the "DARKOWL Registrations").  The applications resulting in the DARKOWL Registrations were reviewed by the USPTO and no likelihood of confusion refusals were issued against either application. The applications were published for opposition, and no third-party oppositions were filed.

DarkOwl has invested a substantial amount of time, money, and effort to promote, advertise, and provide its niche darknet services to its highly sophisticated consumers under its trademarks.  As a result, DarkOwl has developed a substantial amount of consumer recognition and goodwill in its trademarks, and they have come to identify DarkOwl as the source of high quality and unique darknet offerings.

ArkOwl offers personal identifiable information ("PII") verification services that are used to support online purchase transactions.  ArkOwl provides its services to fraud analysts that monitor commercial transactions for their companies in real time.

DarkOwl was unaware of ArkOwl or its ARKOWL trademarks until April 2, 2021, when ArkOwl sent DarkOwl a demand letter accusing DarkOwl of using confusingly similar trademarks and demanding that DarkOwl surrender its federal trademark registrations and permanently cease use of its DARKOWL trademarks.  DarkOwl disputed ArkOwl's claims and refused to comply with its demands.  In light of the imminent threat of litigation, DarkOwl filed this lawsuit for declarations of non-infringement and validity of the DARKOWL Registrations.

In response, ArkOwl filed counterclaims for trademark infringement and cancellation of DarkOwl's (unspecified) federally registered marks, along with Colorado state law claims that have since been dismissed. ArkOwl's requests for monetary damages have also been dismissed, so that each party is now seeking only equitable relief.

There is no likelihood of confusion between DarkOwl and ArkOwl. The likelihood of confusion factors either favor DarkOwl or are neutral. The marks, taken in their entireties, have several prominent distinguishing features that set them apart. For example, while ArkOwl will focus on six shared letters in the word marks, the addition of a "d," as the first, most conspicuous letter of the mark, gives the DARKOWL marks an entirely different, look, sound, and meaning, all of which distinguish them from the ARKOWL marks. The word "dark" is completely unrelated to the word "ark," other than that they rhyme, which is not the test for trademark confusion. The "dark" portion of the DARKOWL mark is suggestive of DarkOwl's dark web data services, while ArkOwl's founder testified that the "ark" portion of the ARKOWL mark is a religious reference to the Ark of the Covenant. The owl designs of the parties' respective marks differ as well. DarkOwl's owl design is used in place of the "O" in "DarkOwl," consists of just the outlined head of an owl and features just one large eye - DARKOWL. ArkOwl's owl design, on the other hand, is situated between the "K" and "O" in "ArkOwl," consists of a whole owl in flight with wings extended and features little or no facial detail - ARKOWL.

The parties' offer different services through different commercial channels. As detailed through testimony and evidence presented at the May 15 evidentiary hearing, DarkOwl provides its customers access to a massive database of darkweb data, data that is not accessible through ordinary internet search tools like Google. This data might include, for example, login credentials circulated for sale on the darkweb to better avoid detection from the authorities. DarkOwl provides

4

access to this data to sophisticated cybersecurity professionals, including to national intelligence agencies, law enforcement agencies, and select organizations, for purposes of, for example, criminal investigations, enhancing security measures, and/or national security.  ArkOwl, on the other hand, offers what it describes as PII verification services.  When an online purchase takes place analysts at the seller will input the customer email address and phone number into ArkOwl's search tool and ArkOwl will return in real-time certain data that may assist in determining whether the transaction is likely to be fraudulent.  ArkOwl generally provides its services to fraud analysts that monitor commercial transactions for their companies

While ArkOwl contends it is aware of several instances of actual confusion, even a superficial assessment reveals that none of these amount to actual trademark confusion under applicable law.  Instead, they are mere inquiries or clearly reveal that the inquiring party was well aware that DarkOwl and ArkOwl are two different companies with different marks.  The reality is that the parties have coexisted under their current marks for over five years without a single instance of actual confusion.

Thus, there is no likelihood of confusion between the parties' and/or their marks, and ArkOwl's trademark infringement and cancellation claims cannot be sustained.

**(b) Defendants ArkOwl LLC and ArkOwl Corporation's Statement:**

Defendant ArkOwl, LLC claims that DarkOwl, LLC's brand name and design mark are likely to cause confusion as to the affiliation, sponsorship, or origin of the two companies, thus infringing on ArkOwl's trademark rights. It seeks a permanent injunction pursuant to the Lanham Act (Count I), and cancellation of DarkOwl's two federal trademark registrations (Count III) to remedy the trademark infringement. ArkOwl Corporation does not exist.

ArkOwl's claims are based on the following facts. ArkOwl has operated under its brand

name since at least 2012 and penetrated the relevant markets throughout the United States before DarkOwl was formed. ArkOwl collects and aggregates data sourced from across the internet, including data likely sourced from the darknet, and provides that data to its customers. It originally only gathered and provided data in connection with email addresses, but has expanded its data types to include domains, phone numbers, and IP addresses. It provides a wide variety of information regarding those inputs, including first seen data, associations between data, and breach data in connection with email addresses.

ArkOwl's most significant customer base are cybersecurity companies that acquire data from multiple sources and aggregate the data for their customers. The data can be used to detect and prevent fraud, including unauthorized credit card transactions and account takeovers. ArkOwl's customers and end users span industry segments.

DarkOwl, LLC similarly acquires, aggregates, and provides data to its customers. It primarily sources data from the darknet, but also acquires data from the surface net. Its products and services have evolved and continue to evolve as it discovers new uses for its data. It offers a sub-database containing only data it has indexed: email addresses, IP addresses, cryptocurrency addresses, credit card numbers, and email domains. Its most significant customer base and the one it has targeted for the last several years is the broader cybersecurity industry. DarkOwl has specifically marketed its PII verification services to the cybersecurity industry, including to ArkOwl's existing and potential customers.

DarkOwl's use of its marks is likely to cause confusion as to its affiliation with ArkOwl; several of the confusion factors weigh strongly in favor of that conclusion. ArkOwl's mark is conceptually and commercially strong. The marks are nearly identical in sight, sound, and meaning while the minute differences are insufficient to distinguish them. The two companies offer similar

products and services to the same potential customers. At least one of ArkOwl's customers assumed an affiliation between the companies upon receiving a solicitation from DarkOwl.

Because of the substantial likelihood of confusion, DarkOwl should be required to cease using its marks and its two registrations should be cancelled.

### 4. STIPULATIONS

The Parties have not yet stipulated to the admissibility of exhibits, other than those admitted at the May 15 and May 19, 2023 hearing. The Parties expect to be able to stipulate to the admissibility of some or all of their proposed exhibits in advance of the June 20, 2023 pre-trial conference.

### 5. PENDING MOTIONS

There are no pending motions.

### 6. WITNESSES

a.  Nonexpert witnesses:

(1)  DarkOwl will call Mark Turnage and Robert Daline at trial.  Mr. Turnage will offer evidence regarding DarkOwl's trademarks, products and services, marketing, and sales.  Mr. Turnage will also offer evidence regarding the cybersecurity industry, the darkweb data services market specifically, as well as the customer base and competition that comprises this market.  Mr. Daline will offer evidence regarding ArkOwl's trademarks, products and services, marketing, and sales, along with PII verification services generally.  ArkOwl will call Robert Daline, Mark Turnage, and Russell Cohen at trial. Mr. Daline will offer evidence regarding ArkOwl's trademarks, products and services, marketing, and sales. He will also offer evidence regarding the cybersecurity industry and how DarkOwl's trademarks are likely to cause confusion as to the source, sponsorship, or affiliation with ArkOwl. Mr. Turnage and Mr. Cohen will offer evidence

7

regarding DarkOwl's products and services, marketing and sales.

(2) DarkOwl may call Russell Cohen at trial. Mr. Cohen would offer evidence regarding DarkOwl's trademarks, products and services, marketing, and sales. ArkOwl may call Mike Greiling at trial. Mr. Greiling would offer evidence regarding ArkOwl's trademarks, products and services.

(3) Neither party will present witness testimony by means of videotaped or non-videotaped deposition testimony.

b. Expert witnesses:

(1) DarkOwl may call Samuel Small at trial. Mr. Small would offer evidence regarding the nature of the cybersecurity industry and the parties' respective products and services.

(2) Neither party will present witness testimony by means of videotaped or non-videotaped deposition testimony.

## 7. EXHIBITS

(1) Plaintiff's preliminary exhibit list is attached as Exhibit A.

(2) Defendants' preliminary exhibit list is attached as Exhibit B.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

The Parties agree and hereby stipulate that all testimony from fact witnesses and all evidence entered at the May 15, 2023 and May 19, 2023 hearings will constitute evidence at trial as if it were offered and accepted at trial.

### 10. SETTLEMENT

    a.    Counsel for the parties communicated via telephone and email on several occasions in December 2021 and the Spring of 2023 to discuss in good faith the settlement of the case.

    b.    The participants in the settlement discussions included counsel and party representatives.

    c.    The parties were promptly informed of all offers of settlement.

    d.    Counsel for the parties do not intend to hold future settlement conferences.

    e.    It appears from the discussion by all counsel that there is little possibility of settlement.

    f.    Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

### 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

### 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the Court or by order of the Court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

The trial in this case is to the Court.  In its Answer to Defendants' counterclaims, DarkOwl made a jury demand for the claims triable by jury.  Defendants subsequently dismissed all counterclaims triable by a jury [ECF 48] and DarkOwl thereafter withdrew its jury demand [ECF 59].

The parties estimate that the trial will require 2 to 3 days.

The trial is scheduled to be held in Courtroom A401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, commencing on June 26, 2023 at 9:00 a.m.

DATED this ~~13th~~ 14th day of June, 2023.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

/s/ *Jeremy Buxbaum*
Thomas L Holt, IL Bar #6243134
Jeremy Buxbaum, IL Bar #6296010
**PERKINS COIE LLP**
110 North Wacker Drive, 34th Floor
Chicago, IL 60606
P: (312) 324-8400
F: (312) 324-9400
THolt@perkinscoie.com
JBuxbaum@perkinscoie.com

Kourtney Mueller Merrill, CO Bar #36,662
**PERKINS COIE LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
P: (303) 291-2300
F: (303) 291-2400
KMerrill@perkinscoie.com

Sabrina J. Danielson, CO Bar #49,279
**HOLLAND & HART LLP**
P.O. Box 8749
Denver, CO 80201
P: (303) 295-8565
F: (303) 265-9255
SJDanielson@hollandhart.com

**ATTORNEYS FOR PLAINTIFF DARKOWL, LLC**

/s/ *Michael Fraiser*
Michael Frasier, MN Bar #387704
**RUBRIC LEGAL LLC**
111 Third Avenue South, Suite 110
Minneapolis, MN 55401
P: (612) 465.0074
F: (612) 605.1986
Michael@rubriclegal.com

**ATTORNEYS FOR DEFENDANTS ARKOWL LLC and ARKOWL CORPORATION**

11